## Fike Estate

*High, Swartz, Flynn & Roberts*, for petitioner.

*Fox & Honeyman*, for respondents.

HOLLAND, P. J., November 21, 1951.—Petitioner, David M. Atkinson, is a claimant against the estate of Charles L. Fike, deceased, arising out of an accident between the tractor-trailer truck of petitioner and the motor vehicle of decedent, in which accident decedent was killed. Letters of administration on the estate of decedent was issued to his wife, Helen L. Fike, on May 31, 1950. She collected all known assets known to exist

and belonging to the estate of decedent, except a right of action of his estate against petitioner for damages arising out of the accident, and concerning these assets which she collected she has filed her account and the same has been adjudicated by this court, which adjudication has long since been final.

The account showed the estate to be insolvent, the administratrix having advanced out of her own personal assets a small amount to bring it in balance, there being no balance for distribution. On April 2, 1951, Helen L. Fike, administratrix, filed her petition in which she presented her resignation as administratrix and asked to be removed. Upon consideration of her resignation, which involved inferentially her refusal to serve further as administratrix, and there being no law known to the court by which any person can be compelled to continue as a fiduciary or, as a matter of fact, to perform any other act of work or labor or service, the court on the same day, April 2, 1951, removed administratrix from her office as such. It must be noted and accentuated that she was removed at her own request and not adversely.

On April 6, 1951, presumably at the request of Helen L. Fike or her attorneys, the register of wills of this county granted letters of administration d. b. n. to Neil F. Stull of 4278 Vacation Lane, Arlington, Va., citizen and resident of Virginia. On April 13, 1951, Richter, Lord & Farage, attorneys for Mrs. Fike, began a civil action in the United States District Court for the Eastern District of Pennsylvania to recover on the causes of action based upon the facts and circumstances arising from the accident between the motor vehicle of petitioner and the motor vehicle of decedent, in which decedent was killed as above related. The caption of this suit is as follows:

"Neil F. Stull, administrator d. b. n. of the Estate of Charles L. Fike, deceased, vs. Martin Barsky, 35

Joshua Road, Lafayette Hill, Pa., and David M. Atkinson [the petitioner in this proceeding], 382 Dawson Road, Phila., Pa., and W. Hunter Atkinson, 429 Harmon Road, Phila., Pa., and W. Hunter Atkinson, Inc., a New Jersey Corporation, 4157 Cresson Street, Phila., Pa."

David M. Atkinson, one of the defendants in the suit in the United States court, filed this petition on May 18, 1951, in which he alleges that the resigning and removal of Helen L. Fike as administratrix and the appointment of Neil F. Stull, of Arlington, Va., was for the sole purpose of getting the damage suit above referred to in the United States court on the ground of diversity of citizenship, that the same was collusive and improper for this purpose, therefore praying that the court vacate the decree removing Helen L. Fike as administratrix, reinstating her as such and vacating the issuance of letters of administration d. b. n. to Neil F. Stull.

In the first place, any action by this court as requested by petitioner would be theoretical, as it is now conceded that Helen L. Fike has removed from the State of Pennsylvania and established her residence in the State of California. Therefore, were it possible for the court to grant the prayer of the petition and accomplish the purpose of petitioner, it would be only reinstating an administratrix that is now a nonresident of Pennsylvania and she could bring a similar proceeding in the United States court on the ground of diverse citizenship. However, this court is constrained to dispose of the matter upon its merits.

Although the answers of Helen L. Fike and Neil F. Stull do not admit it, it is quite obvious and it was not seriously argued contra, that the sole and only purpose of Helen L. Fike resigning and being removed at her request and the obtaining the appointment as administrator and granting letters d. b. n. to Neil F. Stull,

was for the purpose of getting this damage case above referred to in the United States court on the ground of diverse citizenship. For a person living in Arlington, Va., to be brought in to Montgomery County to take out letters of administration on the intestate estate of a decedent domiciled in Montgomery County, Pa., under ordinary circumstances is so absurd on the face of it as to indicate that there must be some unusual reason for employing this procedure. The court finds, therefore, as an inference of fact, that the sole purpose of this behavior on the part of the widow of decedent, Helen L. Fike, and of her counsel above named, was for the sole and only purpose of getting the damage case into the Federal court on the ground of diverse citizenship. Can petitioner invoke the power of the Orphans' Court of Montgomery County to prevent this?

In the first place, neither this court, nor any other court in the land, can force any individual to continue as a fiduciary if he or she desires to discontinue to perform services in that capacity. Of course, having been established as a fiduciary, such fiduciary is answerable to the court of proper jurisdiction for his or her acts up to the time of his or her resignation, but there is no power on earth that can make him or her continue to perform as a fiduciary as it is obvious that enforced labor or the compulsion of services do not exist in the United States of America with some exceptions of a public nature, such as services in the armed forces. Therefore, Helen L. Fike having resigned as administratrix, and having been removed at her request, this court has no power to reinstate her or in any way require her to resume the office of administratrix. Nor do I see that I have any authority to remove Neil F. Stull as administrator d. b. n., as there is no proof before this court nor is there likely to be any proof available that he has done anything or failed to do anything that would establish a ground for his re-

moval. He seems to have been appointed by the register of wills at the request of Helen L. Fike, one of the principal beneficiaries of the estate. The estate is insolvent thus far and will remain so except as to any possible damages that are realized in the suit now pending in the United States district court. His appointment has been passed upon by the register of wills as a judicial officer and he has apparently qualified according to the laws of the Commonwealth of Pennsylvania. The only case cited by counsel for petitioner in his brief is Jaffe v. Philadelphia and Western R. Co., 180 F.(2d) 1010 (1950) which, upon careful study, seems to support the position of respondent rather than that of petitioner. The case is cited to support the point that the United States court in which the damage suit is pending will not go into the question of the removal of the administrator d. b. n. and the reëstablishment of the domicillary administratrix because that question would have to be before the Orphans' Court of Montgomery County and the United States court will not go behind the decree of the Montgomery County court. Petitioner's counsel probably relies upon an excerpt from another case quoted in the Jaffe case to the following effect:

"'To go behind the decree of the probate court would be collaterally to attack it, not for lack of jurisdiction of the subject-matter or absence of jurisdictional facts, but to inquire into purposes and motives of the parties before that court when, confessedly, they practice no fraud upon it.'"

While that position is the one undoubtedly assumed by the United States court in these cases, the above-quoted Jaffe case merely holds that insofar as the jurisdiction of the United States court is concerned the motive impelling the party so maneuvering the appointment of the personal representative of decedent to use the means as in this case to maneuver the juris-

diction into the United States court, is not only not decisive but is of no consequence whatever. This case holds that the obtaining of the appointment of an administrator for either the sole purpose of obtaining or defeating diversity of jurisdiction is of no importance. Applied to this case I see no alternative to hold otherwise than that, although action taken by the widow of decedent was for the sole porpose of getting the damage case into the United States court, her motive has nothing to do with the case, and if the United States court finds that it has jurisdicion under the circumstances no action by the Orphans' Court of Montgomery County is appropriate. Of course, as we have indicated above, under the change of facts in that Helen L. Fike is now a resident of a State other than Pennsylvania, the entire question is theoretical.

And now, November 21, 1951, the petition is dismissed; costs to be paid by the petitioner.